HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

RITA I. JOHNSON, individually and d/b/a
Equity Preservation Association,

        Defendant.

Case No. 3:05-cv-05798-RBL

ORDER GRANTING UNITED STATES
OF AMERICA'S MOTION FOR
SUMMARY JUDGMENT

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff United States of America's Motion for Summary Judgment. Plaintiff moves for summary judgement asking this Court to issue a permanent injunction against Defendant Rita I. Johnson, individually and d/b/a Equity Preservation Association (EPA). Plaintiff submits that it has presented sufficient evidence to prove that Johnson's program of promoting the corporation sole as a tax avoidance scheme violates 26 U.S.C. § 6700, and thus an injunction is proper under 26 U.S.C. § 7402 and 26 U.S.C. § 7408. Johnson responds by arguing that she has not made any false statements with respect to the tax benefits of the corporation sole and that the government has failed to prove that she will make any such statements in the future. After reviewing the parties' motions and the attachments thereto, the Court GRANTS in part the Plaintiff's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

On December 14, 2005, the United States of America issued a Complaint against Rita A. Johnson, individually and d/b/a EPA, alleging that Johnson, through EPA, marketed a program or arrangement known as a "corporation sole" for the purpose of helping customers evade reporting and payment of federal income tax. Some states recognize corporation soles as legitimate entities through which religious organizations can hold property and conduct business for the benefit of that organization. *See, e.g.*, Wash. Rev. Code. §24.12.010-.030.

Johnson admits that she may have helped establish more than 1000 corporations sole. Some of these corporation soles were formed for individuals who reside outside of Washington state, while others were established for Washington residents. In establishing the corporation soles, Johnson charges customers anywhere from $2500 to $6500. She mails her customers an application, which they fill out and return to her. She then completes the formal articles of the corporation sole and other necessary paperwork and submits them to the Secretary of State. Johnson serves as the registered agent of all the corporation soles she establishes for her Washington customers and serves as a registered agent for some of her out-of-state customers. However, she does not keep records of any of these corporation soles.

Johnson is a high school graduate who has taken some college courses and has over twenty-five years of business experience. She claims she has conducted extensive law research under the tutelage of an unnamed retired federal judge. She also claims to have conducted extensive research on the corporation sole.

Although corporation soles do not, in themselves, confer special tax benefits, Plaintiff alleges that Johnson told her customers that corporation soles provide significant tax benefits and can eliminate or reduce one's federal tax liability. She allegedly informs her customers that they can treat their corporation sole as a church within the meaning of the Internal Revenue Code and that corporation soles do not have to qualify as a religious or charitable organization under 26 U.S.C. § 501(c)(3) to receive tax-exempt status. Additionally, she allegedly informs her customers that they can assign their income to a corporation sole, thereby transforming individual income into non-taxable income of the corporation sole. She allegedly tells her customers that only money taken out of the corporation sole for personal purposes could become taxable.

Johnson denies that she has made any false or fraudulent tax statements about corporation soles to her customers. She claims, through supporting affidavits, that she informed her customers that they must continue

1  to make federal income tax payments and that she does not provide any false or fraudulent information about

2  the effect of establishing a corporation sole or transferring one's assets to a corporation sole.

3  ### III. ANALYSIS

4       Under 26 U.S.C. § 7402, this Court has the authority to issue an injunction "as may be necessary or

5  appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The Ninth Circuit has not

6  yet determined whether the Plaintiff must show the traditional equitable factors to obtain an injunction under

7  § 7402. However, other courts within the circuit have applied the factors in determining whether to issue an

8  injunction. *See, e.g.*, *United States v. Cohen*, 222 F.R.D. 652, 653 (W.D. Wash. 2004)*; United States v.*

9  *Stephenson*, 313 F. Supp. 2d 1054, 1056 (W.D. Wash. 2004). Under these factors, the Plaintiff must establish

10  "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if

11  preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the

12  public interest (in certain cases)." *Stephenson*, 313 F. Supp. 2d at 1056 (citing *Southwest Voter Registration*

13  *Educ. Project v. Shelley*, 344 F.3d 914, 917-18 (9th Cir. 2003)).  These factors create a continuum: if the

14  plaintiff fails to make a strong showing that it will be successful on the merits, the plaintiff must convince the

15  Court that the public interest and balance of hardships support issuance of an injunction. *Id.* While the Court

16  does not decide whether it must apply the equitable factors in issuing an injunction under § 7402, it appears

17  that the Plaintiff has satisfied each factor.

18       Under 26 U.S.C. § 7408, this Court has the authority to issue an injunction prohibiting the

19
20  Defendant from engaging in conduct that violates 26 U.S.C. § 6700 if the government proves by a

21  preponderance of the evidence that:

22     (1) the defendant[] organized or sold, or participated in the organization or sale of, an entity, plan
23     or arrangement;

24  (2) [the defendant] made or caused to be made, false or fraudulent statements concerning the tax
benefits to be derived from the entity, plan, or arrangement;

25
26  (3) [the defendant] knew or had reason to know that the statements were false or fraudulent;

27  (4) the false or fraudulent statements pertained to a material matter; and

28  (5) an injunction is necessary to prevent recurrence of this conduct.

*United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (citing 26 U.S.C. §6700; 26 U.S.C. § 7408).  The Plaintiff is not required to prove the traditional elements necessary for equitable relief[1] because § 7408 specifically authorizes the Court to issue an injunction.

> *1. The defendant organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement.*

Johnson does not dispute that she sold the corporation sole, which qualifies as an "entity" under § 7408.

> *2. The defendant made false or fraudulent statements regarding the tax benefits to be derived from the entity, plan, or arrangement.*

"[W]hile a 'corporation sole' is a legitimate corporate form that may be used by a religious leader to hold property and conduct business for the benefit of the religious entity, a taxpayer cannot avoid income tax by establishing a religious organization for tax avoidance purposes."  Rev. Ruling 2004-27, 2004-12 I.R.B. 625. Absent a bona fide religious purpose, a corporation sole does not, in itself, confer tax benefits. *See id.*

Johnson disputes that she made false or fraudulent statements regarding the tax benefits of the corporation sole. Although Johnson presents numerous affidavits from her customers which state that Johnson made no representations as to the tax benefits of the corporation sole and that Johnson told her customers that they must continue filing their federal income tax as they did before establishing the corporation sole, the government did present an affidavit from one of Johnson's customers, J.D. Forgey, with evidence to the contrary. In that affidavit, Forgey stated that Johnson told him that he would receive certain tax benefits if he established a corporation sole. For example, he claims that Johnson told him that if

---

[1] Traditionally, a plaintiff must prove "either (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [his or her] favor" to obtain a preliminary injunction. *United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004).

he contributed "property or funds to the corporation sole[]," he could deduct the value of that property on his personal income tax return. Additionally, he claims that Johnson told him that if he won the Lotto and contributed the proceeds to the corporation sole, he "would not have to report the donated proceeds as income on [his] individual income tax return." Finally, Forgey claims that Johnson told him that a corporation sole did not have to qualify under § 501(c)(3) of the I.R.C. to be tax exempt.

All of these statements are false. The corporation sole does not receive special tax benefits unless it qualifies as an exempt organization under § 501(c)(3). Many of Johnson's customers claim that they want to establish corporations sole for religious purposes. However, even if this is true, one cannot assign one's personal income to the corporation sole, even if it is established for a religious purpose, and thereby transform the income to non-taxable income. *See Lucas v. Earl*, 281 U.S. 111, 114-15 (1930). Additionally, a taxpayer cannot deduct "contributions" made to a religious organization that he or she owns or controls. I.R.C. §170(c)(2)(C); *see Estate Pres. Servs.*, 202 F.3d at 1102.

Although Forgey's statements are the only evidence the government has presented to show that Johnson made false or fraudulent statements with respect to the tax benefits of the corporation sole, the Court finds that the government has satisfied its burden. Johnson did not present any evidence to refute Forgey's statements. If Johnson is not making such false statements, then this Court's issuance of an injunction to prevent her from making such statements will have no impact on Johnson, as the injunction merely prevents her from doing something she claims she is not doing.

*3. The defendant knew or had reason to know that the statements were false or fraudulent*

If Johnson in fact made the statements Plaintiff alleges she has, the Court is satisfied that Johnson knew or had reason to know that such statements were false or fraudulent. Johnson claims she has over twenty five- years of business experience and has conducted extensive research on corporations sole, as well as legal research under the tutelage of a retired federal judge. Additionally, she has helped establish

hundreds of corporations sole over the years. Moreover, Johnson is aware of injunctions entered against other individuals who were promoting corporations sole. Based on this experience, Johnson inevitably knows whether the statements she made regarding the tax benefits of corporations sole were true.

     *4. The false or fraudulent statements pertained to a material matter.*

     "Material matters are those which would have a substantial impact on the decision-making process of a reasonably prudent investor and include matters relevant to the availability of a tax benefit." *United States v. Campbell*, 897 F.2d 1317, 1320 (5th Cir. 1990) (citing *United States v. Buttorff*, 760 F.2d 1056, 1059 (5th Cir. 1985) *and* S. Rep. No. 97-494, at 267, *reprinted in* 1982 U.S.C.C.A.N. 781, 1015). If Johnson was advising her customers that corporations sole received certain tax benefits, and customers were thereby convinced to set up a corporation sole, the statements are material; the statements induced her customers to establish corporations sole. *See Estate Pres. Servs.*, 38 F. Supp. 2d 846, 855 (E.D. Cal. 1998), *aff'd* 202 F.3d 1093 (9th Cir. 2002) (finding that statements regarding "availability of tax deductions, creditors, or other mechanisms for reducing tax liability" are material).

     *5. An injunction is necessary to prevent recurrence of this conduct*

     In determining the likelihood of future violations, the Court can consider:

(1) the gravity of the harm caused by the offense;
(2) the extent of the defendant's participation
(3) the defendant's degree of scienter;
(4) the isolated or recurrent nature of the infraction;
(5) the defendant's recognition (or non-recognition) of his [or her] own culpability; and
(6) the likelihood that defendant's occupation would place him [or her] in a position where future violations could be anticipated.

*Estate Pres. Servs.*, 202 F.3d at 1105 (citations omitted). In this case, Johnson is the primary, if not the only, person operating EPA; thus, her degree of participation is substantial. Additionally, she claims to have over twenty-five years of business experience; conducted extensive law research under the tutelage of a retired federal judge; and conducted extensive research on the corporation sole. She also claims that she

has helped establish hundreds, if not thousands, of corporations sole. Thus, she knew or should have

known that the statements she made about the tax benefits of the corporation sole were false or fraudulent.

Moreover, her conduct is recurrent, as evidenced by the number of corporations sole she has helped others

establish over the last five years. Finally, given that Johnson has failed to recognize her culpability in

providing false information about the tax benefits of the corporation sole, the Court finds that an injunction

is necessary to prevent Johnson's future violations of 26 U.S.C. § 6700. *See id.*

## IV. CONCLUSION

The Court is satisfied that Plaintiff has met its burdens under §§ 7402 and 7408 and enters a permanent

injunction against Rita A. Johnson that permanently enjoins and restrains her and/or EPA from, directly or

indirectly, by use of any means or instrumentalities:

(a) Engaging in conduct subject to penalty under 26 U.S.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, including the corporation sole program described in the complaint, a statement Johnson knows or has reason to be false or fraudulent as to any material matter under the federal tax laws;

(b) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any tax shelter, plan, or arrangement, including the false statement that a corporation sole does not have to meet the requirements of 26 U.S.C. § 501(c)(3) in order to be tax exempt;

(c) Instructing, assisting, or advising others to violate the tax laws, including to evade the payment of taxes through participation in a corporation sole; and

(d) Engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws.

The Court denies Plaintiff's request that the Court order Johnson to provide contact information for

all the individuals for whom Johnson assisted in establishing a corporation sole and that she provide information

regarding this injunction to those individuals.

The Court also denies Plaintiff's request to engage in post-injunction discovery to ensure compliance.

Finally, the Court denies Johnson's request that this Court define "religion," "religious activities," and

ORDER
Page - 7

1  "church" as those terms are used in the Internal Revenue Code. The Court similarly declines to decide whether

2  a church can be organized as a corporation sole or the extent of Johnson's obligation in investigating the true

3  beliefs or intentions of her customers in establishing a corporation sole. These matters are not relevant to the

4  Court's issuance of a permanent injunction.

5

6       DATED this 23rd day of February, 2007.

7

8

9

10

11  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 8