HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RITA I. JOHNSON, individually and d/b/a EQUITY PRESERVATION ASSOCIATION,<br><br>　　　　　　Defendant. | Case No. C 3:05-cv-05798-RBL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Defendant Rita I. Johnson's Motion for Reconsideration (Dkt. 41). For the reasons explained below, the Motion is DENIED.

**I. INTRODUCTION**

On February 23, 2007, this Court entered an Order permanently enjoining Johnson, individually or through Equity Preservation Association (EPA) from:

    (a) Engaging in conduct subject to penalty under 26 U.S.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, including the corporation sole program described in the complaint, a statement Johnson knows or has reason to be false or fraudulent as to any material matter under the federal tax laws;

    (b) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any tax shelter, plan, or arrangement, including the false statement that a corporation sole does not have to meet the requirements of 26 U.S.C. § 501(c)(3) in order to be tax exempt;

    (c) Instructing, assisting, or advising others to violate the tax laws, including to evade the payment of taxes through participation in a corporation sole; and

ORDER
Page - 1

(d) Engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws.

However, the Court did not grant Plaintiff United States of America's request that Johnson provide Plaintiff with contact information for all the individuals for whom Johnson assisted in establishing a corporation sole and that she provide information regarding the injunction to those individuals.

The Court also denied Plaintiff's request to engage in post-injunction discovery to ensure compliance.

Finally, the Court denied Johnson's request that the Court define "religion," "religious activities," and "church" as those terms are used in the Internal Revenue Code. The Court similarly declined to decide whether a church can be organized as a corporation sole or the extent of Johnson's obligation in investigating the true beliefs or intentions of her customers in establishing a corporation sole. These matters were not relevant to the Court's issuance of a permanent injunction.

## II. ANALYSIS

In reviewing a motion for reconsideration, the Court uses the following standard:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of *manifest error* in the prior ruling or a showing of *new facts* or legal authority *which could not have been brought to its attention earlier with reasonable diligence*.

CR. 7(h)(1), Local Rules W.D. Wash. (emphasis added). Johnson has failed to satisfy this standard.

Johnson asks this Court to vacate its prior Order because she has since obtained a supplemental declaration from D.J. Forgey in which he disputes statements contained in his original declaration. Johnson claims that Forgey was gravely ill at the time her attorney attempted to contact him, and thus her attorney was unable to get a "clarified" affidavit from him before this Court entered its Order. Specifically, Forgey now claims that he received information from multiple sources about the corporation sole and is thus unable to distinguish which information he received from Johnson, as opposed to information he received elsewhere. He also claims that Johnson informed him that the corporation sole could not be used to avoid personal income taxes and that he must continue to comply with personal tax laws. As Forgey's declaration was the basis of the Court's issuance of the permanent injunction against Johnson, Johnson argues this new evidence requires the Court to vacate its Order.

However, Johnson has failed to satisfy the Court that this supplemental declaration could not have been brought to the Court's attention earlier. Neither Johnson nor Forgey provide any information as to when Johnson's attorney, Montie S. Day, attempted to contact Forgey. Additionally, even with his supplemental

declaration, Forgey does not dispute all of the statements he claimed Johnson made to him in his first declaration. For example, he does not dispute that Johnson told him that corporations sole did not have to qualify under Section 501(c)(3) to be tax exempt. Additionally, Forgey does not dispute that Johnson told him that if he were to win the Lotto and give the proceeds to his corporation sole, he would not have to report the donated proceeds as income on his individual tax return. Thus, the Court finds that even with this new information, sufficient facts exist to support the Court's original Order.

Johnson also argues that the Court should vacate its Order because the injunction is not specific in its terms as required by FRCP 65(e). Johnson argues that the injunction entered by this Court "states in broad and general terms, 'don't violate the statutes,' but does not describe with specificity what conduct is permitted or prohibited." Def.'s Mot. for Recons. at 10.

This argument is without merit. The injunction states with specificity what Johnson is prohibited from doing. *See supra.* Moreover, the injunction does not prohibit Johnson from helping others establish a corporation sole, nor does the injunction make any statement regarding what qualifies as a "religion" or "church" under the Internal Revenue Code. Among other things, the injunction simply prohibits Johnson from doing something she claims she is not doing: providing false or fraudulent information about the tax benefits of the corporation sole. Whether the I.R.S. would find that Johnson's customers have established "churches" or "religions" as those terms are used in the Internal Revenue Code is irrelevant to whether Johnson provided false or fraudulent information about the tax benefits of the corporation sole.

### III. CONCLUSION

For the reasons stated above, Defendant Rita I. Johnson's Motion for Reconsideration (Dkt. 41) is DENIED.

DATED this 7th day of March, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE